# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Shari Guertin, Shari Guertin as next friend of her child, E.B., a minor, and Diogenes Muse-Cleveland, | Case No. 16-cv-12412 |
| Plaintiffs, | Judith E. Levy<br>United States District Judge |
| v. | Mag. Judge Mona K. Majzoub |
| State of Michigan, Richard Snyder, Michigan Department of Environmental Quality, Michigan Department of Health and Human Services, City of Flint, Howard Croft, Michael Glasgow, Darnell Earley, Gerald Ambrose, Liane Sheckter-Smith, Daniel Wyant, Stephen Busch, Patrick Cook, Michael Prysby, Bradley Wurfel, Eden Wells, Nick Lyon, Nancy Peeler, Robert Scott, Veolia North America, LLC, and Lockwood, Andrews & Newnam, Inc., | |
| Defendants. | |
| _____/ | |

**OPINION AND ORDER GRANTING DEFENDANT VEOLIA'S MOTION FOR RECONSIDERATION [155], DENYING DEFENDANT WYANT'S MOTION FOR RECONSIDERATION [159], AND GRANTING DEFENDANT LOCKWOOD'S MOTION FOR RECONSIDERATION [160]**

On June 5, 2017, the Court entered an opinion and order granting in part and denying in part each motion to dismiss that was filed in this case. (Dkt. 151.) In relevant part, the Court held that under Michigan law the professional negligence claims against the private engineering firms—Veolia North America, LLC and Lockwood, Andrews & Newnam, Inc.—had to be dismissed and only the ordinary negligence claims could proceed. (*Id.* at 94-97.) The Court also held that the substantive due process bodily integrity claim was properly pleaded against defendant Daniel Wyant and that he is not entitled to qualified immunity. (*Id.* at 64-76.) Defendants Veolia, Lockwood, and Wyant filed timely motions for reconsideration of these particular holdings, and the Court of Appeals for the Sixth Circuit is holding the pending interlocutory appeal of the qualified immunity rulings in abeyance until this Court resolves the motions. For the reasons set forth below, defendant Veolia's and defendant Lockwood's motions (Dkts. 155, 160) are granted, and defendant Wyant's motion (Dkt. 159) is denied.

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the

2

motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest[,] or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). And "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007). Notably, district courts are increasingly scrutinizing improper use of motions to reconsider. *See, e.g.*, *Andersons, Inc. v. Consol, Inc.*, 208 F. Supp. 2d 847, 850 (N.D. Ohio 2002) ("Like the court in *Nationwide*, I have 'noticed a recent marked increase in the filings of motions to reconsider.' Also like that court, I hope that 'publication of this Opinion

3

and Order will advise the bar that the undersigned intends to begin issuing show cause orders as to why sanctions should not be imposed for improper filings of motions to reconsider.'") (quoting *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D. Miss. 2000)).

Plaintiffs originally brought ordinary negligence, gross negligence, and professional negligence claims against defendants Veolia and Lockwood. The Court dismissed the gross negligence claim because it is not an independent cause of action in Michigan, and dismissed the professional negligence claim, finding that claims against engineers are treated as ordinary negligence claims in Michigan. But as defendants Veolia and Lockwood correctly argue, the Court was incorrect.

In Michigan, to plead a negligence claim a plaintiff must allege: "(1) the existence of a legal duty owed by the defendant to the plaintiff, (2) a breach of such duty, (3) a proximate causal relationship between the breach of such duty and an injury to the plaintiff, and (4) damages suffered by the plaintiff." *Schaendorf v. Consumers Energy Co.*, 275 Mich. App. 507, 512-13 (2007). And "[a]s against professional engineers, a 'malpractice claim requires proof of simple negligence based on a breach of a professional standard of care.'" *McM Marine v.*

4

*Ottawa Cty. Rd. Comm'n*, Nos. 286294, 290702, 2010 Mich. App. LEXIS 614, at \*21 (Apr. 13, 2010) (quoting *Phillips v. Mazda Motor Mfg. (USA) Corp.*, 204 Mich. App. 401, 409 (1994)).  Plaintiffs will be required to present expert testimony as to the professional standard of care that defendants Veolia and Lockwood are alleged to have breached.  *See City of Huntington Woods v. Orchard*, No. 301987, 2012 Mich. App. LEXIS 879, at \*14-15 (May 10, 2012) (holding that defendant was entitled to JNOV because plaintiff failed to present expert testimony on the professional standard of care).

The Court's holding suffers from a palpable defect, *i.e.*, a defect that was plain, and "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(3); *see Witzke*, 972 F. Supp. at 427.  Accordingly, defendant Veolia's and defendant Lockwood's motions (Dkts. 155, 160) are GRANTED.  Plaintiffs' professional negligence claims against these defendants may proceed, but the ordinary negligence claims are dismissed.

As noted above, defendant Wyant challenges the Court's holding that plaintiffs properly pleaded a substantive due process claim against him and that he is not entitled to qualified immunity.  According to

5

defendant Wyant, plaintiffs allege, at best, that he should be held liable based on supervisor liability, which is not permitted in a § 1983 bodily integrity claim. (Dkt. 159 at 10-11.) He also notes that he is "not among those [d]efendants facing any criminal charges," as are many of those against whom the bodily integrity claim was properly pleaded. (*Id.* at 9.)

Unlike defendants Veolia and Lockwood, defendant Wyant "merely present[s] the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3). Defendant Wyant explicitly made this very same argument in his original motion to dismiss. (*See* Dkt. 69 at 33-34.) His motion should be denied for this reason alone. *See* E.D. Mich. LR 7.1(h)(3) (motions should be denied if they "merely present the same issues ruled upon by the court").

But even if that were not the case, the Court did not commit "a defect that is obvious, clear, unmistakable, manifest[,] or plain." *Witzke*, 972 F. Supp. at 427. The Court did not hold that the bodily integrity claim should proceed against defendant Wyant on a theory of supervisory liability. Rather, the Court held that the bodily integrity claim should proceed against defendant Wyant for his *own* actions,

6

taking plaintiffs' allegations as true and in the light most favorable to them, as this Court must.

In their complaint, plaintiffs allege that defendant Wyant "participated in, directed, and oversaw the [Michigan Department of Environmental Quality]'s repeated violations of federal water quality laws, the failure to properly study and treat Flint River water, and the MDEQ's program of systemic denial, lies, and attempts to discredit honest outsiders." (Dkt. 1 at 9.) Specifically, he allegedly "disseminated false statements to the public that led to the continued consumption of dangerous water despite knowing or having reason to know that the water was dangerous." (*Id.* at 9-10.)

Defendant Wyant was allegedly aware of a memorandum from the Environmental Protection Agency that "Flint has essentially not been using any corrosion control treatment since April 30, 2014, and they have (lead service lines)," but untruthfully wrote to various state legislators in response to their inquiries regarding the memorandum that "[w]ith respect to the draft memo referenced in your letter, the MDEQ does not review or receive draft memos from the USEPA, nor would we expect to while it is a draft." (*Id.* at 46.) In his motion for

7

reconsideration, defendant Wyant quotes from the complaint all the allegations that claim he was aware of the rising blood lead levels in the water and in the residents of Flint when he made the untruthful statements. (Dkt. 159 at 8-9.) Defendant Wyant admitted that the Department's handling of the situation was botched from the beginning. (Dkt. 1 at 58-61.) And for his involvement, he resigned on December 30, 2015. (*Id.* at 61.)

In holding that plaintiffs' bodily integrity claim may proceed against certain defendants, including defendant Wyant, the Court held:

> Plaintiffs plead (with particularity as to which defendant did what) that these defendants were the decision makers responsible for knowingly causing plaintiffs to ingest water tainted with dangerous levels of lead, which has no therapeutic benefits, and hiding the danger from them. The emergency managers and individual state employees switched the source of Flint's water from the Detroit River to the Flint River, then knowingly took deliberate action that violated federal and state, civil and possibly even criminal law, which caused the lead levels in Flint's water to rise to dangerous levels. They knew that their actions were exposing the residents of Flint, including plaintiffs, to dangerous levels of lead. Lead poisoning caused plaintiffs to suffer from severe medical problems with their hair, skin, digestive system, and organs, as well as brain and other developmental injuries including cognitive deficits, among other issues.

8

(Dkt. 151 at 71-72 (footnote omitted).)

The specific allegations that plaintiffs make as to defendant Wyant establish that the bodily integrity claim was properly pleaded against him, especially given his allegedly untruthful statements to the state legislators. The Court did not commit a plain error in finding so.

And in any case, as set forth above, defendant Wyant already made this exact argument, and the Court has already ruled on it. He may disagree with the ruling, but his recourse is to appeal the decision at the appropriate time. A motion for reconsideration is not the proper place to address his argument again. Accordingly, this motion for reconsideration (Dkt. 159) is DENIED.

IT IS SO ORDERED.

Dated: July 14, 2017           s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2017.

<u>s/Shawna Burns</u><br>
SHAWNA BURNS<br>
Case Manager