UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shari Guertin, *et al.*,

                Plaintiffs,      Case No. 16-cv-12412

v.                                    Judith E. Levy
                                    United States District Judge
State of Michigan, *et al.*,
                                    Mag. Judge Mona K. Majzoub
                Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTIONS TO STAY [166, 169, 173]**

On June 5, 2017, the Court entered an opinion and order granting in part and denying in part the defendants' motions to dismiss. (Dkt. 151.) In that opinion, the Court denied the motion to dismiss plaintiffs' substantive due process bodily integrity claim against defendants City of Flint, Earley, Ambrose, Wyant, and Croft, and defendants Shekter Smith, Busch, Prysby, Wurfel, Wells, Scott, Lyon, and Peeler in their individual capacities. (Dkt. 151 at 100.) Between June 19, 2017 and July 3, 2017, each of those defendants filed an interlocutory appeal of the Court's order, which were permitted because the Court's opinion

determined that qualified immunity did not apply to them. (Dkts. 157, 158, 167, 174, and 180.) The Court determines that oral argument is not required pursuant to E.D. Mich. Local R. 7.1(f)(2).

Each of those defendants has filed or joined in a motion to stay this case pending the outcome of their appeals. (Dkts. 166, 169, 173.) The defendants generally make two arguments: 1) the filing of the notices of appeal divested the Court of jurisdiction over at least the claims that are the subject of the appeal, if not the entire case; and 2) a stay is warranted on equitable grounds. Plaintiffs argue that the notices of appeal filed are insufficient to divest the Court of jurisdiction, that the appeals only divest the Court of jurisdiction over the subject matter of the appeals and not the entire case, and that the factors for an equitable stay of the case do not justify a stay of the entire case.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, if the district court determines that the appeal is

frivolous, it retains jurisdiction over the entire case. *Yates v. City of Cleveland*, 941 F.2d 444, 449 (6th Cir. 1991).

Plaintiffs argue that the Court should err in favor of retaining jurisdiction, because it is possible that the appeals might be based on factual, rather than legal, disputes. (*See, e.g.*, Dkt. 187 at 5-6 (citing cases).) The Court has previously considered this argument and declined to certify the pending appeals as frivolous. (Dkt. 208 at 2-3.) Further, at the motion to dismiss phase a qualified immunity appeal in this case must be legal in nature and not factual, and second, the appeals are not substantively frivolous in nature. Accordingly, the Court is divested of jurisdiction over every defendant who has appealed, because each of those defendants have appealed every claim against them. The case must be stayed as to each of these defendants.

The remaining question is whether the Court should stay the entirety of these proceedings pending appeal, including the pending professional negligence claims against Lockwood, Andrews & Newnam, Inc. and Veolia North America. "[A] defendant's interlocutory appeal on federal qualified immunity does not divest the district court of jurisdiction over pendent state-law claims," subject to the exception of

3

state-law immunity being asserted, denied, and appealed alongside federal qualified immunity. *Krycinski v. Packowski*, 556 F. Supp. 2d 740, 741 (W.D. Mich. 2008) (citing *Knox v. City of Royal Oak*, Case No. 06-cv-10428, 2007 WL 1775369, *2 (E.D. Mich. June 20, 2007)). Neither Lockwood nor Veolia have moved to stay the case. And none of the defendants who seek stays have provided any reason why permitting the claims to proceed against these two parties would prejudice the moving defendants in this litigation.

Accordingly, it is hereby ordered that the motions to stay pending appeal (Dkts. 166, 169, 173) are GRANTED as to defendants City of Flint, Earley, Ambrose, Wyant, Croft, Shekter Smith, Busch, Prysby, Wurfel, Wells, Lyon, and Peeler, and this case is STAYED as to those defendants. Although he did not move for a stay, the remaining claim against defendant Scott is also STAYED, as he is appealing a denial of qualified immunity.

Plaintiffs have filed a motion for leave to file an amended complaint (Dkt. 161) that reasserts claims against the defendants who have appealed and adds pendent state law claims against additional private engineering defendants. The Court has jurisdiction to consider

4

the motion to amend the complaint, because it adds new parties that would not be able to raise qualified immunity as a defense to the claims against them, and it does not alter the claims against the defendants who have appealed.

The proposed amended complaint raises two issues that must be addressed. First, the amended complaint seeks to be a class-action lawsuit. The Court has consolidated all other pending Flint water class-action litigation as a single suit in *Waid v. Snyder*, Case No. 16-cv-10444. If this case is amended to become a class action, it would be consolidated with *Waid* once it is unstayed. Second, the amended complaint adds Rowe Professional Services Company, a Michigan company. If the complaint is amended and the Sixth Circuit determines that the governmental defendants are entitled to qualified immunity, the Court would lack original jurisdiction over this case if it proceeded as an individual, rather than class action, case.

Plaintiffs are to file supplemental briefing with the Court on or before **November 17, 2017** stating whether they wish to proceed with the motion to amend the complaint as it currently stands. If they do wish to proceed, plaintiffs are required to address the two issues the

5

Court has identified with their amended complaint. If they do not wish to proceed, plaintiffs must either propose a date by which they may file a revised motion for leave to file an amended complaint, or state their intention to proceed with their complaint as currently drafted. This briefing is limited to twenty-five pages.

IT IS SO ORDERED.

Dated: October 30, 2017       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2017.

     s/Shawna Burns
     SHAWNA BURNS
     Case Manager